ROBERT B. CAVERLY *vs.* CITY OF LOWELL.

Under the city ordinances of Lowell, prescribing the duties of the city solicitor, he is entitled to recover against the city for services rendered by virtue of his office, without special employment, as assistant counsel, in the preparation and trial of a case of flowing land in which the city was one of numerous complainants, and for services in drafting exceptions and reports of cases; but not for examining records, and making a report of the business of his office to the city council.

CONTRACT by a counsellor at law to recover for professional services in the year 1857, as city solicitor of the defendants. The items disputed were several charges for the preparation and trial of a case of Tyler and others against Mather; for the preparation of other cases, to which the city was a party, for trial; for drafting exceptions and reports, in order to present them to this court; for examining the record of cases in the courts, in which the city was interested, in order to make a report in compliance with the requirements of a city ordinance; and for making a report thereof.

At the trial in the superior court it appeared that the plaintiff was chosen city solicitor of Lowell for the year 1857, under a city ordinance, the material portions of which are as follows: " It shall be the duty of the city solicitor " " to commence and prosecute all suits that may be brought by the order of the city, for or on account of any estate, claim, right, privilege or demand of the city." " The argument or trial of any cause in the court of common pleas, supreme judicial court, or before any referee or arbitrator, shall not be considered as among his ordinary duties; and the argument or trial of such cases shall be the only duties for which he shall receive any other compensation than his salary." An ordinance was passed on the 22d of June 1857, requiring the city solicitor, in addition to his former duties, to make an annual report to the city council of the business of his office during the year, stating all the suits commenced and pending in favor of and against the city during the year, with a brief description of each.

VOL. I. 25

In relation to the items of charge in the case of Tyler and others against Mather, there was evidence to show that it was a complaint for flowing land, commenced in 1850; that, previous to the commencement thereof, application was made to the mayor of Lowell to ascertain if the city would become a party thereto, and the mayor was thereupon, by a vote of the city council and board of aldermen, authorized to become a party, and he accordingly signed an agreement with the other complainants, to the number of fifteen, to pay a proportion of the expenses of taking legal advice in relation thereto; that D. S. Richardson, Esquire, was consulted by the complainants in reference to the matter, and among others by the mayor of the city, and that, after this consultation, the complaint was commenced by him; that the case was pending in court until 1857, when B. F. Butler, Esquire, was employed by the complainants to assist in the trial thereof in the court of common pleas; that Mr. Butler and Mr. Richardson were present at the trial and took charge of the same in behalf of the complainants; and that the plaintiff was also present, sitting at the same table and taking part with them at the trial. None of the previous city solicitors had ever appeared in the case, or been consulted in reference to the same; and there was no other evidence that the plaintiff was employed by the city, or by any of its officers, or that they knew of his performing these services.

Upon this evidence, and evidence not material to be stated here, in relation to the other disputed items of charge, *Rockwell,* J., ruled that the plaintiff was entitled to recover the value of his services in the case of Tyler and others against Mather, and in examining the record of cases and making a report, under the ordinance of June 22; but that he was not entitled to recover for his services in the preparation of causes for trial, or for drafting exceptions, or reports in order to present to this court cases which had been tried in the court of common pleas; and the jury returned a verdict accordingly.

Both parties alleged exceptions.

*R. B. Caverly, pro se.*

*T. H. Sweetser,* for the defendants.

BIGELOW, C. J. The right of the plaintiff to recover for the services charged in his bill, and which are in dispute between the parties, depends on the construction of the ordinance of the city prescribing the duties of city solicitors. By accepting the office, he assented, by implication, to perform its duties as therein set forth for his salary, and for such additional compensation for special services therein designated as should be just and reasonable. This ordinance in fact constituted the contract between the city and himself, by which his official duties and compensation were to be regulated and governed.

1. In regard to the items charged for services in the trial of the case of Tyler and others against Mather, we are of opinion that they were rightly allowed. They came strictly within the line of his duties, because they were rendered in prosecuting a suit to which the city was a party, and in which a right and claim of the city were in controversy. As these were rendered in the trial of a case in the court of common pleas, they are of a nature such as, by the terms of the ordinance, he had a right to claim compensation for in addition to his regular salary.

2. So also he had a right to claim an additional compensation for his services in preparing reports and exceptions in the cases in which he actually appeared and conducted the trials in behalf of the city. These services may fairly be considered as a part of the duty incident to the trials, and as not coming within the range of his ordinary duties.

3. But the items charged for examining records and preparing a report to the city council of the cases in which the city was interested in the year 1857 ought not to be allowed. Among the duties which he was required to perform without additional compensation was any professional act which might be required of him by any order of the city council. These services were rendered in pursuance of such order, and are therefore included among those which he was bound to perform as part of his ordinary duties. *Exceptions sustained.*